## Puget Sound Agricultural Company *vs.* Pierce County.

Under the statutory regulations, authorized by the Organic Act, an appeal lies to this Court, only in those cases, specified in section 356, page 199, laws of 1854.

If the record of the lower Court, fails to show a compliance with the statutory requirements in such cases, this Court is without jurisdiction to entertain the appeal.

Appeal to the District Court for Pierce county.

Opinion by McFadden, Chief Justice.

This was an appeal in the Court below from the decree of the county commissioners, taxing the lands claimed to belong to the said Puget Sound Agricultural Company, and was submitted to the Court, on an agreed state of facts, and was argued by counsel.

The appellee, by counsel, comes into this Court and moves to dismiss the appeal for want of jurisdiction.

The organic act provides that writs of error, bills of exceptions, and *appeals*, shall be allowed in all cases, from the final decision of the District Court to the Supreme Court, under such regulations as may be prescribed by law, section 9, organic act, W. T.   It is also provided by section 356 of the code, page 199:   "Whenever upon the trial of any civil action in the District Court, it shall be found to turn upon important questions of law, the Court may direct a special verdict to be found, and in all cases the parties may make an agreed statement of facts, signed by themselves, or their attorneys, which shall be entered

of record, and all questions of law arising on special verdicts, agreed statements, motions for new trial, and others, in any manner arising in the District Court, may, under the direction of the District Court, be taken to the Supreme Court by way of appeal, and for that purpose, the Court shall render a judgment *in form* only, which shall not be executed until the final decision of the cause, and the Supreme Court, on hearing the appeal, may give judgment, or remand the cause, or make any order according to the law, and justice of the case."

This, we presume, is intended by the legislature as imposing the restrictions contemplated by the organic act. All judgments, orders, or decrees, final in their character, may be reviewed on a writ of error.

But it will be seen on examination of the section of the code just cited, that the intention of the legislature is manifest as to the character of the causes, and the manner in which a cause may be re-examined on an appeal.

Preliminary to appeal, it is necessary that application should have been made to the Court below, and the order, or direction, be there obtained, and made a matter of record.

The *status* of the appellant in the Supreme Court is derived from the order of the Court below, in default of which order, or direction of the Court, the appellant cannot be regarded as in Court under the provisions of this section. Jurisdiction attaches to the Supreme Court in cases of appeal, only when the provisions of the statute, which are preliminary in their character, have been complied with. The clear and apparent intention of the statute is, " that judgment *pro forma* in cases involving important questions of law, may, under the direction of the Court," be re-examined in the Supreme Court on appeal. In this case, it does not appear from the record, nor yet is it averred by the counsel, that any preliminary order was made by the Court below, or that any such order was asked for by the counsel.

It is therefore the opinion of this Court that the case must be dismissed for want of jurisdiction.